[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12593
Non-Argument Calendar

_____

D.C. Docket No. 6:13-cr-00161-PGB-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 2, 2021)

Before LAGOA, BRASHER and DUBINA, Circuit Judges.

PER CURIAM:

Appellant David Wright, a *pro se* federal prisoner, appeals the district court's order denying his motion for reconsideration of its denial of his request for access to the internet for non-work related purposes, namely the Bureau of Prison's ("BOP") Corrlinks email program ("Corrlinks"). On appeal, he argues that Corrlinks is a monitored and secured closed network service that would facilitate communication with his family who lives overseas, for whom telephonic and traditional mail communications are burdensome or nonexistent. After reviewing the record and reading the parties' briefs, we affirm the district court's order denying Wright's motion for reconsideration.

## I.

In June 2013, a grand jury charged Wright with one count of attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The district court released Wright on bond and placed him on home detention. He subsequently failed to appear for trial, and in February 2015, a grand jury charged him with failure to appear, in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(i). After his arrest, he pled guilty to his charge of failure to appear, and later, pursuant to a written plea agreement, pled guilty to the sex-crime charge. After a sentencing hearing, the district court sentenced Wright to a total of 180 months' imprisonment, 156 months for his enticement of a minor charge and 24 months for his failure to appear charge, to run consecutively.

2

Wright filed a *pro se* motion for limited access through the BOP computers. He stated in his motion that because of the district court's special condition of supervised release that prohibited him from using or possessing a computer, he could not accept a senior accountant position with his employer, Unicor, a prison manufacturing corporation. He requested that the district court grant him access to the BOP's computers, which had limited and monitored internet access, for the purpose of furthering his education and career. The district court denied the motion without prejudice because Wright failed to submit evidence indicating that the program was still available to him, whether accessing the internet was required for the program, or the program's duration.

Wright filed another motion, asking again for access to the BOP's computers for educational purposes and additionally seeking access to Corrlinks, a monitored and secure email program, to communicate with family who lived overseas. He mentioned that his wife and daughter lived in Pakistan, where mail service was nonexistent and communication with them was difficult. He responded that the program was still available to him, it did not require internet access, and the program would remain available to him for the remainder of his sentence. Wright submitted a BOP statement and a letter from a corporate accountant with the BOP to support his assertions. In March 2020, the district court, construing Wright's motion as a motion for reconsideration, denied the motion to the extent that it sought internet

3

access to communicate with his family for non-work related purposes, noting that Wright had sought more expansive relief than in his original motion.

In June 2020, Wright filed a revised motion for access to Corrlinks. He explained the Corrlinks email program in more detail, reasserted the difficulty he had communicating with his family in Pakistan, noted that his mother would be moving to Pakistan within the next two years, asserted that his crime did not involve a victim but, rather, an undercover police officer, so he would not be a danger to the community if he could access Corrlinks, and noted that he had been a model prisoner. The district court construed the motion as a motion for reconsideration of its partial grant and partial denial of his first reconsideration motion. The district court denied the motion because it found that Wright provided additional arguments and information that did not constitute new evidence, an intervening development or change in the law, or the need to prevent a manifest injustice or correct clear error. Wright filed a notice of appeal, stating that he appealed from an Order to Grant Access to the [BOP] Corrlinks Email Program, entered on June 24, 2020.

## II.

Generally, we review the district court's denial of a motion for reconsideration for abuse of discretion. *See United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018) (context of a motion for reconsideration of a motion denying a sentence reduction). "A district court abuses its discretion if it applies

4

an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quotation marks omitted). An abuse of discretion also occurs when a district court commits a clear error of judgment. *Id.* at 912.

We permit motions for reconsideration in criminal cases even though such motions are not expressly contemplated by the Federal Rules of Criminal Procedure. *United States v. Vicaria*, 963 F.2d 1412, 1413-14 (11th Cir. 1992). In the civil context, motions for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment," which includes "new arguments that were previously available, but not pressed." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quotation marks omitted).

We liberally construe pleadings filed by *pro se* litigants. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). However, when a defendant offers no argument regarding an issue on appeal, we consider the argument abandoned. *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998). Similarly, passing reference to an issue, or raising the issue in a perfunctory manner without argument or supporting authority, is insufficient to save the issue from abandonment. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir.

5

2014). A district court's judgment is due to be affirmed when a defendant abandons an issue on which he must prevail in order to obtain a reversal. *Id*. at 680.

## III.

Here, because Wright has abandoned any challenge to the district court's denial of his reconsideration motion, the district court's judgment is due to be affirmed. Even when liberally construed, Wright proffers no argument or citations to legal authority as to his reconsideration motion, nor does he demonstrate how the district court erred in denying his motion. Thus, we conclude from the record that the district court did not abuse its discretion because Wright's reconsideration motion attempted to relitigate old matters and present previously available, but unadvanced, arguments. Thus, we decline to address whether Wright has made a threshold showing of exhaustion, or whether Wright's initial motion requesting access to Corrlinks was an appropriate avenue to challenge the conditions of his confinement. Accordingly, for the aforementioned reasons, we affirm the district court's order denying Wright's motion for reconsideration.

**AFFIRMED**.